■ JACK STEVENS et al., Respondents, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent, and E. A. KAHN COMPANY, INC., Defendant and Third-Party Plaintiff-Appellant. ASTORIA STAR WELDING COMPANY, Third-Party Defendant-Respondent, et al., Third-Party Defendant. —In a negligence action to recover damages for personal injuries, etc., the defendant third-party plaintiff, E. A. Kahn Company, Inc. (Kahn), appeals from an interlocutory judgment of the Supreme Court, Nassau County, dated April 13, 1977, as amended on May 16, 1977, which, after a jury trial limited to the issue of liability only (1) is in favor of plaintiffs and apportioned liability at 70% against it and 30% against the defendant Consoli-

dated Edison Company of New York, Inc. (Con Ed), upon a jury verdict, (2) dismissed its third-party complaint against Astoria Star Welding Company (Astoria), (3) dismissed its cross claim against Con Ed and (4) granted judgment in favor of Con Ed on its cross claim for indemnification against Kahn. Interlocutory judgment, as amended, affirmed, with one bill of costs jointly to respondents appearing separately and filing separate briefs. Plaintiff Jack Stevens (Stevens) was injured by an explosion of natural gas in a manhole in which he was working. Stevens, who was the sole employee of Astoria working on the project, was under the direct supervision of Kahn. The record amply supports the jury determination that Kahn committed tortious acts which were the proximate cause of the explosion and that Stevens was free from contributory negligence. Other than permitting Stevens to work as a general welder for Kahn, Astoria had absolutely no involvement with the construction project. In agreeing to supply Kahn with an equipped welder, Astoria certainly did not assume the responsibility of insuring the safety of the project site. In the circumstances of this case, Kahn has failed to prove that Astoria contributed to the accident, either directly through its own acts or omissions, or indirectly through the negligent acts of Stevens. Therefore, Kahn is not entitled to receive common-law or contractual indemnification from Astoria (cf. *Lopez v Consolidated Edison Co. of N. Y.*, 40 NY2d 605). Furthermore, in view of Kahn's established negligence, its cross claim against Con Ed was properly dismissed and judgment in favor of Con Ed on its cross claim for indemnification against Kahn was properly granted. The other arguments raised on this appeal have been considered and are found to be without merit. Hopkins, J. P., Martuscello, Rabin and Hawkins, JJ., concur.